**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDREA LEAH HECKEL,

      Plaintiff,

vs.                                                             Civ. No. 18-649 KK

ANDREW SAUL,
Commissioner of Social Security
Administration,

      Defendant.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum ("Motion"), filed October 19, 2020. (Doc. 33.) The Commissioner filed his Response to the Motion on November 4, 2020, indicating therein that he "defers to the Court's discretion as to whether the compensation sought by [counsel] is reasonable." (Doc. 35 at 3.) No reply has been timely filed. Having considered Plaintiff's Motion, the Commissioner's Response, and the relevant law, the Court finds Plaintiff's Motion is well taken and should be **GRANTED**.

## BACKGROUND

Plaintiff Andrea Leah Heckel entered into contingency-fee agreements with Michael D. Armstrong in 2013, 2015, and 2018 for representation in judicial review of her social security disability case. (Doc. 33-1 at 31-33.) Pursuant to those contracts, Michael Armstrong Law Office, LLC filed three actions in this Court seeking judicial review of Ms. Heckel's denied claims for disability benefits. (Doc. 1; Doc. 33 at 2 (citing 15-cv-00453 LF and 13-cv-00364 WPL).) In this, and the prior two cases, the Court remanded to the agency for further proceedings, and thereafter

awarded EAJA fees. (Doc. 33 at 3, Doc. 28; Doc. 31 (awarding $7,344.00 in EAJA fees); 15-cv-00453 (Docs. 28, 32) (awarding $6500.00 in EAJA fees); 13-cv-364 (Docs. 23, 27) (awarding $6821.46 in EAJA fees).) On March 3, 2020, an Administrative Law Judge issued a fully favorable final administrative decision finding Ms. Heckel has been disabled since November 4, 2009. (Doc. 33-1 at 1-14.) The Social Security Administration issued a Notice of Award to Ms. Heckel on August 17, 2020, stating that it was withholding $45,979.00 from her past-due benefits to cover any attorney fees. (Doc. 33-1 at 17, 19.) Ms. Heckel's substituted counsel of record, Laura Joellen Johnson of Michael Armstrong Law Office, LLC, entered her appearance in this matter on September 30, 2020, (Doc. 32), and filed the instant Motion on October 19, 2020, seeking an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $39,979.00 for 112.68 hours of work performed before this Court in this and the prior two appeals. (Doc. 33; Doc. 33-1 at 23-30.)

## **LEGAL STANDARD**

Attorney fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the EAJA award effectively increases the past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees – for example, fees pursuant to the EAJA and

§ 406(b) – are not collectively limited to 25 percent of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2.

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25 percent of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

### **REASONBLENESS DETERMINATION**

The fee agreements Ms. Heckel entered provide that she "agree[s] to pay my attorney twenty-five percent (25%)" of all past-due benefits for work performed in this Court. (Doc. 33-1 at 31, 32, 33.)  The total attorney fees of $39,979.00 sought in the Motion amount to approximately 21.8 percent of the $183,916.00 in past-due benefits awarded to Ms. Heckel. (Doc. 33 at 5-6; Doc. 33-1 at 19.) The Court has reviewed the dockets in the three appeals and does not find an indication of any undue delay in moving the appeals forward. Counsels' representation in each case was efficient, reflecting their skill and expertise, and yielded a fully favorable decision. Counsels' fee request is not disproportionately large in comparison to the amount of time spent on the cases over the course of many years and three appeals and results in a reasonable hourly rate of $354.80, which is considerably less than other § 406(b) awards authorized in this District.  *See, e.g.*, *Valdez v. Barnhart*, USDC Civ. No. 00-1777 MV/LCS (Docs. 26-27) (awarding $645.16 per hour); *Montes v. Barnhart*, USDC Civ. No. 01-578 BB/KBM (Doc. 22) (awarding $701.75 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Osborn v. Berryhill,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding $636.90 per hour).  For all of these reasons, the Court finds that the fee request is reasonable.

The Motion was also filed within a reasonable time after the agency provided Ms. Heckel with notice of entitlement to past-due benefits.  The Notice of Award is dated August 17, 2020, and counsel filed the present Motion on October 19, 2020.  (Doc. 33; Doc. 33-1 at 17.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 30) is **GRANTED.**  The Court hereby authorizes **$39,979.00** in attorney fees for legal services rendered in the United States

District Court, to be paid by the Social Security Administration out of the funds it withheld from Ms. Heckel's past-due benefits.[1]

**IT IS FURTHER ORDERED** that in accordance with *Gisbrecht*, 535 U.S. at 795, counsel shall refund to Ms. Heckel the total EAJA fees they received in this case (in the amount of $7,344.00) and the two prior cases (15-00453 LF, in the amount of $6,500.00 and 13-00364 WPL, in the amount of $6,871.21 after offset).

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**

---

[1] Ms. Heckel requests that if the Motion is granted fees be paid to Michael Armstrong Law, LLC or Laura Joellen Johnson. (Doc. 33 at 2.) The fees will likely be issued in accordance with the fee contract, and how those fees are ultimately dispersed among counsel is between Ms. Heckel's counsel and the parties to the fee contract.